**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA L. KINNEY, *et al.*, | No. C-12-4477 EMC |
| Plaintiffs, | **RELATED TO** |
| v. | No. C-12-4478 EMC |
| BRISTOL-MYERS SQUIBB COMPANY, *et al.*, | No. C-12-4615 EMC<br>No. C-12-4616 EMC<br>No. C-12-4617 EMC<br>No. C-12-4619 EMC |
| Defendants. | No. C-12-4633 EMC<br>No. C-12-4641 EMC<br>No. C-12-4642 EMC<br>No. C-12-4803 EMC |
| AND ALL RELATED ACTIONS. | **ORDER RE SUPPLEMENTAL BRIEFING** |

As the parties have informed the Court, the Judicial Panel on Multidistrict Litigation ("MDL") recently denied without prejudice transfer of the above-referenced cases. The Court thus has pending before it Plaintiffs' motions to remand.

The Court directs the Plaintiffs to file supplemental briefing. Defendants have taken the position that a distributor cannot issue additional warnings beyond those contained in the FDA-approved labeling or, under federal law, they will be subject to civil and/or criminal penalties for misbranding, In their supplemental brief, Plaintiffs should address why a distributor would not be liable for misbranding under federal law if it were to issue such additional warnings beyond those contained in the FDA-approved labeling. The Court notes that it previously asked for supplemental briefing on this very issue in the *Caouette* case, *see Caouette v. Bristol-Myers Squibb Co.*, No. C-12-

1814 EMC (Docket No. 41) (Order at 2) (asking "what should McKesson have done in the instant cases to satisfy [the] duty [to warn]" and "how are those actions not inconsistent with or prohibited by federal law"); however, the *Caouette* Plaintiffs did not directly respond, focusing instead on the argument that *Mensing* applies only in the generic drug context. *See id.* (Docket No. 44) (Pls.' Supp. Br. at 8). Plaintiffs in the cases at bar have similarly argued that *Mensing* is restricted to the generic drug context. *See, e.g.*, *Kinney v. Bristol-Myers Squibb Co.*, No. 12-4477 EMC (Docket No. 18) (Reply at 10). Plaintiffs have yet to address the question (assuming the logic of *Mensing*'s impossibility analysis applies here) why it is not impossible for a distributor to provide additional warnings (as Plaintiffs contend is required by California law) and not contravene federal law.

Although Plaintiffs are represented by different counsel, the Court shall require Plaintiffs to coordinate and file a single supplemental brief. The supplemental brief shall be filed by February 26, 2013.

IT IS SO ORDERED.

Dated: February 19, 2013

_____
EDWARD M. CHEN
United States District Judge

2